UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



**FILED**
Jan 04 2018
Matthew Thelen
CLERK

| | | |
|---|---|---|
| ANTHONY WIMMER, | ) | CIV. 18-1001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| TOP GUN GUIDE SERVICE, INC., and | ) | |
| JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

   COMES NOW the Plaintiff, by and through his attorney, Michael W. Strain, and for his cause of action, states and alleges as follows:

### JURISDICTIONAL STATEMENT

1. That the Plaintiff, Anthony Wimmer, is a resident of El Dorado, El Dorado County, California.

2. That the Defendant, Top Gun Guide Service, Inc., is an incorporation organized and existing under the laws of the Minnesota, and doing business in the State of South Dakota.

3. That the Defendants, John Doe(s) 1-5, are employees of Top Gun Guide Service, Inc., and were acting individually, and in a capacity as agents, servants and employees of Top Gun Guide Service, Inc.

4. That the incidents of negligence that are the subject matter of this litigation occurred in Aberdeen, Brown County, South Dakota, within the confines of the Eastern Division of the United States District Court.

5. That the acts and omissions complained of herein occurred in the State of South Dakota, in the County of Brown, by Defendant Top Gun Guide Service, Inc., and John Doe(s) 1-10.

### FACTUAL STATEMENT

6. Plaintiffs re-allege Paragraphs 1-5 as though fully set forth herein.

7. That on or about April 10, 2015, Mr. Wimmer attended a hunting trip near Aberdeen,

South Dakota, which was hosted by Top Gun Guide Service, Inc.

8. That before sunrise the hunting party was escorted by one of Top Gun Guide Service, Inc.'s guides to the designated hunting location.

9. That the hunters were instructed to set up their blinds and put up decoys.

10. While the hunters were setting up decoys, the guide drove an ATV which was pulling a large, heavy sled through the field, picking up more decoys.

11. As the hunters completed setting up the decoys, the guide drove the ATV and sled towards the hunters and turned sharply, striking Plaintiff Wimmer, throwing him into the air, coming to rest in the sled.

12. Plaintiff was in no fashion at fault in the collision occurring.

13. That as a result of the collision, Plaintiffs sustained numerous injuries therein, and incurred past and future medical expenses, past and future lost wages, permanent debilitating injuries, and a loss of enjoyment of life.

## COUNT ONE
## NEGLIGENCE

14. Plaintiff re-alleges Paragraphs 1-13 as though fully set forth herein.

15. That Defendant Top Gun Guide Services, Inc. was the hosting company of the hunt, and had an obligation to ensure the safety of the Plaintiff.

16. That Defendant John Does 1-5, as employees of Top Gun Guide Services, Inc., had an obligation to ensure the safety of the Plaintiff.

17. That Defendant John Doe, knew, or should have known, that there were hunters in the area in which the ATV was being driven.

18. That at the time of the operation of the ATV, Defendant John Doe, was obligated under South Dakota law, to operate the ATV with due caution and circumspection and at a speed and in a manner so as to not endanger or be likely to endanger any person or property.

19. As a result and proximate cause of the incident in question, Plaintiff Anthony Wimmer has suffered economic damages, non-economic damages, permanent physical impairment, and permanent physical disfigurement, and has been forced to obtain the services of, and to incur expenses for hospitals, doctors, chiropractors, and other medical expenses, and will in the future, continue to incur additional similar medical expenses. The total amount of these expenses will be determined at a future date. Further, Plaintiff Anthony Wimmer has suffered a loss of wages, loss of earning capacity, loss of

enjoyment of life, inconvenience, and pain and suffering, and will in the future, continue to incur losses, all of which are permanent in nature.

## COUNT TWO
## NEGLIGENCE PER SE

20. Plaintiffs re-allege Paragraphs 1-19 as though fully set forth herein.

21. Defendant John Doe violated S.D.C.L. § 32-24-1, entitled "Definition of reckless driving—Misdemeanor."

22. Plaintiff is within the class of persons for which S.D.C.L. § 32-24-1 was designed to protect.

23. As a result of the violation of the above-referenced statute, Defendant John Doe caused injuries to the Plaintiff.

24. That such violation of statute constitutes negligence *per se*.

25. As a result and proximate cause of the incident in question, Plaintiff Wimmer has suffered economic damages, non-economic damages, permanent physical impairment, and permanent physical disfigurement, and has been forced to obtain the services of, and to incur expenses for hospitals, doctors, chiropractors, and other medical expenses, and will in the future, continue to incur additional similar medical expenses. The total amount of these expenses will be determined at a future date. Further, Plaintiff Wimmer has suffered a loss of wages, loss of earning capacity, loss of enjoyment of life, inconvenience, and pain and suffering, and will in the future, continue to incur losses, all of which are permanent in nature.

## COUNT THREE
## JOINT TORTFEASORS

26. Plaintiff re-alleges Paragraphs 1-25 as though fully set forth herein.

27. That the Defendants, by each of their acts and omissions on the part of each Defendant, brought about the circumstances of which caused the Plaintiff to be struck, which is the subject of this litigation, and constituted the direct and proximate cause of the injuries to the Plaintiff and the damages resulting therefrom.

28. That due to the intertwined actions of the Defendants, they are jointly and severally liable for all damages sustained by the Plaintiff.

29. As a result and proximate cause of the incident in question, Plaintiff Wimmer has suffered economic damages, non-economic damages, permanent physical impairment, and permanent physical disfigurement, and has been forced to obtain the services of, and to incur expenses for hospitals, doctors, chiropractors, and other medical expenses, and

will in the future, continue to incur additional similar medical expenses. The total amount of these expenses will be determined at a future date. Further, Plaintiff Wimmer has suffered a loss of wages, loss of earning capacity, loss of enjoyment of life, inconvenience, and pain and suffering, and will in the future, continue to incur losses, all of which are permanent in nature.

## COUNT FOUR
## PREJUDGMENT INTEREST

30. Plaintiff re-alleges Paragraphs 1-29 as though fully set forth herein.

31. That the Plaintiff is entitled to pre-judgment interest on all past medical expenses and lost wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment on all causes of action against Defendants Top Gun Guide Services, Inc. and John Does 1-5 in an amount to be determined at trial and for such other relief as is just and proper, including without limitation, economic damages, non-economic damages, costs, attorney's fees and interest.

Dated this 26 day of December, 2017.

STRAIN MORMAN LAW FIRM

By: _____
Michael W. Strain
Attorney for the Plaintiff
1134 Main Street - P.O. Box 729
Sturgis, South Dakota 57785
(605) 347-3624

**TRIAL BY JURY IS HEREBY DEMANDED**